# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                          |   |                          |
|--------------------------|---|--------------------------|
| **UNITED STATES OF AMERICA** | * |                      |
| v.                       | * | Case number: 13cr404 RWT |
| **AUGUSTINE P. OWELLE**  | * |                          |

## MEMORANDUM OPINION AND ORDER

On August 5, 2013, Augustine Owelle filed an appeal of a judgment by a Magistrate Judge. On January 2, 2014, this Court directed Owelle to file a memorandum in accordance with Local Rule 302 stating the exact points of law, facts, and authorities upon which the appeal is based. On January 14, 2014, Owelle filed a Motion to Appoint Counsel. ECF No. 18. As Owelle had retained counsel for the proceedings before the Magistrate Judge and failed to provide sufficient information for why he should now be entitled to appointment of counsel, the Court denied the motion without prejudice to renew within fourteen (14) days accompanied by a CJA 23 financial affidavit. ECF No. 20. On February 28, 2014, Owelle filed a renewed Motion to Appoint Counsel along with a CJA 23 Financial Affidavit. ECF Nos. 22, 23.

Under the Criminal Justice Act, the Court may provide that counsel be appointed for this type of appeal when it determines that the interests of justice so require. 18 U.S.C. § 3006A. The offenses at issue in this appeal are ones for which appointment of counsel is within the discretion of the Court. *Id.* The renewed motion states that Owelle is a student and that his "relation" represented him free of charge during the original proceeding but is now too busy to do so. ECF No. 22. The Court finds that the interests of justice do not require that counsel be appointed for this appellant.

Owelle has also filed a Motion to Suspend Sentence Pending the Appeal (ECF No. 19) to which the Government filed an Opposition on February 19, 2014. ECF No. 21. Suspension of a

sentence pending appeal is governed by 18 U.S.C. § 3143. That statute requires that the appellant show that he is not likely to flee or pose a danger and that "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence" that would be greater than the time the appellant will have served. 18 U.S.C. § 3143(b). The appellant must show both prongs by clear and convincing evidence. *Morison v. United States*, 486 U.S. 1306, 1306-07 (1988). Although the Government does not allege that Owelle is likely to flee or pose a danger, Owelle has not shown that the appeal raises a substantial question of law or fact. The motion claims, without any support, that the sentence of probation is in violation of his "fundamental human right" because of some health issues. ECF No. 19. This does not meet the requisite standard and the motion will therefore be denied.

As Owelle has still failed to file the memorandum in support of his appeal required by Local Rule 302, he shall be granted an additional fourteen (14) days to do so. Accordingly, it is this 8th day of April, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that the Appellant's Motion to Appoint Counsel (ECF No. 22) is **DENIED**; and it is further

**ORDERED**, that the Appellant's Motion to Suspend Sentence Pending the Appeal (ECF No. 19) is **DENIED**; and it is further

**ORDERED**, that the deadline for the Appellant to file the memorandum required by Local Rule 302 shall be **EXTENDED** until fourteen (14) days from the date of this Order.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE