IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Case No. RWT 13-cr-404 |
| **AUGUSTINE OWELLE** | * | |

## MEMORANDUM OPINION AND ORDER

On July 25, 2013, before Magistrate Judge Thomas M. DiGirolamo, appellant, Augustine Owelle, pled guilty to operating a motor vehicle with a BAC of 0.08 or more and unsafe operation of a vehicle. ECF No. 2. Owelle was sentenced to two concurrent twelve-month probationary periods and forty hours of community service. *Id*. Pursuant to 18 U.S.C. § 3402, Owelle appeals his conviction. No hearing is deemed necessary. Local R. 302.

## FACTUAL BACKGROUND

On December 4, 2011, in the early morning hours, Owelle was stopped on the Baltimore-Washington Parkway under suspicion of driving under the influence. ECF No. 28 at 1. Officer Meghan Farrell of the U.S. Park Police observed him weaving in his lane and crossing the lane boundaries several times. *Id*. After stopping Owelle, Officer Farrell smelled alcohol on him and observed that he was slow to respond to her questions. *Id*. She administered field sobriety tests and subsequently placed Owelle under arrest. *Id*. His blood was drawn and tested, showing a BAC of 0.14. *Id*. at 2.

Owelle was charged with four offenses: 1) operating a motor vehicle driving with a BAC of 0.08 or more, 2) operating a motor vehicle while under the influence of alcohol or drugs, 3) unsafe operation of a motor vehicle, and 4) failure to maintain a single lane while operating a

motor vehicle. ECF No. 2-9. Owelle pled guilty on July 25, 2013 to charges 1 and 3, and the Government agreed to drop the remaining charges. Judge DiGirolamo sentenced Owelle to two concurrent twelve-month probationary periods and forty hours of community service. ECF No. 2 at 1-4.

Owelle filed this timely appeal of the Magistrate Judge's judgment on August 5, 2013. ECF No. 1. On January 2, 2014 this Court directed Owelle to file a memorandum pursuant to Local Rule 302 stating the points of law, facts, and authorities upon which the appeal is based. On January 14, Owelle filed a Motion to Appoint Counsel. ECF No. 18. As Owelle had retained counsel for the proceedings before the Magistrate Judge, the Court denied the motion without prejudice, ECF No. 20, and Owelle filed a renewed motion to appoint counsel on February 28, 2014 accompanied by a CJA 23 financial affidavit. ECF Nos. 22, 23. Owelle also filed a Motion to Suspend Sentence Pending Appeal on February 11, 2014. ECF No. 19. This Court denied both motions, concluding that the interests of justice did not require that counsel be appointed for the appellant and the requisite standard for staying his sentence had not been met. ECF No. 24. Owelle filed his memorandum in support of appeal on April 22, 2014 and the Government filed its opposition on May 19, 2014. ECF Nos. 27-28.

## **ANALYSIS**

Rule 58(g)(2)(B) of the Federal Rules of Criminal Procedure provides that a "defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." "The defendant is not entitled to a trial *de novo* by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). In his memorandum in support of appeal, Owelle asserts that on the day he was arrested, his "multiple medical problems" created the illusion of

the smell of alcohol and disoriented him.  ECF No. 27.  He also included several medical website printouts defining his various afflictions.  ECF No. 27-1.  As the appellant pled guilty to his offense, it is unclear why he raises these issues only at this stage of the litigation.  However, as he appears to challenge the underlying conviction, the Court construes this as a request to withdraw Owelle's guilty plea.

Owelle's argument is not sufficient for a post-sentencing challenge to a guilty plea.  Such a challenge requires a showing that the "underlying plea proceedings 'were marred by a fundamental defect that inherently resulted in a complete miscarriage of justice, or in omissions inconsistent with rudimentary demands of fair procedure.'"  *United States v. Dyess*, 478 F.3d 224, 237 (4th Cir. 2007) (quoting *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000)).  The Court has been presented with no argument that the plea proceedings were conducted contrary to the requirements of Federal Rule of Criminal Procedure 11.  Owelle agreed to the above facts as part of his plea agreement and he makes no claim that his plea was not knowing and voluntary.  The Court finds no "fundamental defect," procedural oversight, or unfairness in sentencing.

Additionally, the Court also finds the Government's argument regarding the six factors considered by the Fourth Circuit in determining whether a guilty plea proceeding is "fair and just" to be convincing.  *See United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000).  Even under the pre-sentence standard for withdrawing a guilty plea, the Court finds no merit in this appeal.

## **CONCLUSION**

For the foregoing reasons, the judgment and sentence are affirmed.

Date: June 9, 2014                                                              /s/
                                                                  ROGER W. TITUS
                                                        UNITED STATES DISTRICT JUDGE